Filed for record on this 11th Day of Feb 2019 at 2:03 o'clock P M

PAM BARNES
County or Circuit Clerk

Deputy Clerk

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ARKANSAS
## CIVIL DIVISION

**RYAN EAGLES AND**
**MICHELLE EAGLES, as parents and**
**next friend of K.E., a minor**                                    **PLAINTIFF**

**VS.**                          CASE NO. 20CV-19-7

**HABILITATION CENTER, LLC, a foreign**
**Limited Liability Company, d/b/a MillCreek of Arkansas a/k/a**
**MillCreek Behavioral Health and ACADIA HEALTHCARE**
**COMPANY, INC, a foreign Corporation**                          **DEFENDANTS**

### COMPLAINT

Comes now the Plaintiff's, Ryan Eagles and Michelle Eagles, as parents and next

friends of K.E., a minor, and for her cause of action against the Defendants, Habilitation

Center, LLC, a foreign Limited Liability Company, and Acadia Healthcare Company,

Inc., a foreign Corporation, states:

1. The Defendant, Habilitation Center, LLC, hereafter "Habilitation" is a foreign

   Limited Liability Company that does business in Fordyce, Arkansas under the

   name Millcreek of Arkansas.  Its principal place of business is located at 1810

   Industrial Drive, Fordyce, Arkansas 71742.  It provides medical services at such

   location. Its agent of service is The Corporation Company.  If such Defendant

   claims entitlement to charitable immunity, it is requested to provide the name,


EXHIBIT
A

address, and insurance policy number or bond number of all insurance policies and bonds that do or may provide coverage for the damages sought herein.

2. Defendant Acadia HealthCare Company, Inc. (hereafter "Acadia") is a Delaware Company that holds itself out to operate a network of 587 behavioral healthcare facilities in 39 States.  Habilitation is facility that is operated and by Acadia HealthCare Company, Inc.

3. Ryan Eagles and Michelle Eagles, are adults, over the age of 21 years, and are the parents and next friend of K.E., who is an 8-year-old minor at the present time.  The full name of K.E. will be disclosed pursuant to a seal or protective order issued by this Court. However, there is no doubt the Defendants, and each of them, are well aware of the actual name of K.E.

4. Venue lies properly herein because the acts and omissions complained of herein occurred, at least for the most part in Dallas County, Arkansas. Defendant Habilitation provides mental health services, operates as a psychiatric hospital and a facility to treat children whose behavior in public is potentially harmful, violent, and inappropriate to themselves and others, and such Defendant holds themselves out to protect and care for the children in their case.  Upon admission, K.E. was given a document titled "Patient Rights: The patient/resident and/or their egal guardian have the following rights:  Personal Safety: To expect reasonable safety in so far as they hospital practices and environment are concerned, including the

2

rights to be free from all forms of abuse or harassment." They failed K.E. in that respect in that she was digitally raped on multiple occasions by her roommate all the while she was supposed to be in a caring and protected environment as promised by Defendant Habilitation Center.

5. Defendant Acadia, upon information and belief, operates many inpatient acute treatment facilities that are designed to provide a safe and stable environment for those in need of immediate psychological treatment, among other types of treatment.

6. In the period leading up to the dates around October 10, 2018, Habilitation, became aware or should had known that the individual who digitally raped K.E. had serious mental health issues that prevented her from being an unsupervised member of society. On multiple occasions over multiple nights K.E. was digitally raped by her roommate without any intervention by any staff member of Defendant Habilitation Center. Habilitation Center clearly failed in their duty to protect K.E.

7. Upon information and belief, the rape was only investigated as a result of the bad actor's bragadocia throughout the milieu and to other patients. Upon discovery, Habilitation Center unreasonably delayed notifying K.E.'s guardians so that they could make internal investigation and reports to Defendant Acadia.

8.  Habilitation owes a duty to the public, and to their patients, to ensure that those patients in such facility who actually cause sexual abuse or harm to others who are minors are:  (i) reported to the Child Abuse Hotline, as required by law; (ii) treated and medicated so that they do not pose a risk to others in a public place such as occurred on or around October 10, 2018 with K.E.;  (iii) not left unsupervised to commit such heinous and violent actions;  (iv) warned by providing a warning or other information to Habilitation supervisors so that appropriate action can be taken to protect its patients.

9.  Defendant Acadia knew, by virtue of other assaults and rapes across their, 587 facilities that these types of assaults are likely to occur, yet they continue to be less than diligent in their protecting of their patients.

10. Defendant Habilitation released and discharged K.E. only a few days after the rapes were reported without any mention whatsoever of the trauma she'd endured for a future provider to treat her.  Their actions suggest and further their intent to cover up the events.

## COUNT ONE
## NEGLIENCE - HABILITATION CENTER, LLC.

11. Plaintiff repeats the allegations set forth in paragraphs 1-10, above, as if the same were set forth word for word herein.

12. Defendant, Habilitation Center, LLC., was negligent in housing children with whom they should have known had a propensity to commit assaults on other children in the same area, and specifically ,the same bedroom.

13. Defendant Habilitation Center, LLC., was negligent in having adolescents in the same room within the facility without adequate security measures in place.

14. Defendant Habilitation Center, LLC., was negligent in hiring, training, and supervising its workers. Specifically, it failed to adequately instruct its workers on how to supervise the residents of the facility to ensure no harm would occur to the other residents of the facility.

15. Defendant Habilitation Center, LLC was further negligent in not having enough staff to adequately supervise the residents in the facility.

16. Defendant Habilitation Center, LLC was further negligent for breaches of duties set forth in paragraphs 1-10, above.

17. Defendant Habilitation Center, LLC failed to have a proper security plan in place to protect K.E. from the acts set out in paragraphs 1-10 hereinabove.

18. That Defendant Habilitation Center, LLC was otherwise negligent which will be proven at trial.

19. As the approximate and actual result of the negligence of Habilitation Center, LLC., the Plaintiffs, Ryan Eagle and Michelle Eagles have been caused to and continue to incur medical bills and otherwise are entitled to recover on behalf of

K.E. damages for future medical bills, past and future emotional harm, past and future pain and suffering, and other damages in a sum in excess of Seventy-five Thousand Dollars excluding interests and costs.

## MENTAL AND PHYSICAL CONDITIONS OF BAD ACTOR AND ANY AND ALL INVESTIGATIVE REPORTS AND FINDINGS

20. The mental and physical condition of the bad actor and her physical and emotional disorders are at issue herein and the Court should declare that her physical and mental condition are an issue and Defendant Habilitation Center, LLC should be ordered and directed that the mental condition of said bad actor is in issue and the doctor (or hospital) and patient privilege existing between Habilitation Center, LLC and the bad actor are waived insofar as releasing all medical records, including any therapy, counseling and/or previous offense notes of Habilitation Center, LLC concerning the bad actor.

21. The Plaintiff's have not been provided any investigative reports and/or findings of same. K.E.'s medical records indicate that she and others filled out forms. Said forms are consistent with internal investigation and said internal investigation should be provided to Plaintiff, through counsel, immediately so that witnesses can be located without delay.

22. That the Plaintiff requests an immediate hearing on this issue.

## COUNT THREE – NEGLIGENCE OF ACADIA HEALTHCARE COMPANY, INC

23. That the Plaintiff re-alleges each and every allegation contained hereinabove in paragraphs 1-22.

24. That Defendant Acadia knew or should have know that it was improper to house adolescent girls in the same rooms without strict supervision.

25. That Defendant Acadia failed to have adequate security measures as a necessary and normal part of its operation of Habilitation Center, LLC.

26. That Defendant Acadia failed to provide adequate security.

27. That Defendant Acadia failed to have regular nursing and/or security personnel walking around the campus and up and down the halls as part of their operating procedure.

28. That Defendant Acadia failed to provide sufficient staff to operate their Fordyce facility Habilitation Center, LLC.

29. That Defendant Acadia was otherwise negligent which will be proven at trial

## COUNT FOUR – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

30. That the Plaintiff re-alleges each and every allegation contained in paragraphs 1-29 hereinabove.

31. That Defendant Habilitation Center, LLC  and ACADIA knew by virtue of previous assaults that subsequent sexual assaults were likely without some form of protection.   Upon information and belief, both Defendants had knowledge or previous physical and sexual assaults on their multiple campuses.  Their failure to take necessary precautions to prevent these attacks, despite their previous knowledge of the same and/or similar attacks, shows a willful and wanton disregard for the safety of their patients.

32. That, despite that knowledge, Habilitation Center and Acadia took no actions to protect their patrons. Their blatant, intentional, and willful and wanton disregard for the safety of K.E. lends itself to punitive and/or exemplary damages. Punitive and/or exemplary damages are appropriate here where, despite knowledge, Habilitation Center, LLC  and ACADIA took no actions for the protection of K.E.. Further, these heinous acts occurred over several nights without any personnel from the facility so much as checking on K.E. during the night.

8

34. That Habilitation Center, LLC  and ACADIA'S actions in instructing K.E. not

disclosing this incident to anyone until they could conduct their own internal

investigation and notify their own risk personnel shows a motive of profit and self

preservation over the safety and well-being of K.E. and their other patients.  Further,

these actions are intentional, willful and wanton, and demonstrate the necessity for

punitive and/or exemplary damages so as to prevent Habilitation Center, LLC ,

ACADIA and others from this type of behavior in the future.

WHEREFORE, premises considered, the Plaintiff's Ryan Eagles and Michelle Eagles,

individually and on behalf of K.E., prays that the Court award judgment against each

Defendant, jointly and severally in the sum and amount that the proof presented at the

trial of this matter warrants.

Respectfully Submitted
Ryan Eagles and Michelle Eagles, as Parent
and Next of Friend
of K.E., a Minor
Plaintiff

By:_____
M. Jered Medlock, ABA#2005304
Medlock & Gramlich, LLP
105 N. 14th Street
Fort Smith, AR 72902
Phone No.  (479) 494-5614
Fax No.    (479) 802-4742