## IN THE CIRCUIT COURT OF DALLAS COUNTY, ARKANSAS
## CIVIL DIVISON

RYAN EAGLES AND MICHELLE EAGLES
AS PARENTS AND NEXT FRIEND OF K.E., A MINOR                               PLAINTIFF

vs.                              CASE NO. 20CV-19-7

HABILITATION CENTER, LLC, A FOREIGN
LIMITED LIABILITY COMPANY,
D/B/A MILL CREEK OF ARKANSAS
A/K/A MILLCREEK BEHAVIORAL HEALTH
AND ACADIA HEALTHCARE COMPANY, INC.,
A FOREIGN CORPORATION                                                     DEFENDANTS

### ANSWER TO COMPLAINT

Come now Defendants Habilitation System, LLC and Acadia Healthcare Company, Inc. (herein "Defendants"), by and through their counsel, Hardin, Jesson & Terry, PLC, and for their Answer to the Complaint of the Plaintiffs, state:

1. In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Separate Defendant Habilitation Centers, LLC admits that it is a limited liability company with its principal place of business at 1810 Industrial Drive, Fordyce, Arkansas, The Corporation Company is its agent for service of process and it provides mental health services. The remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint consist of legal arguments and conclusions of counsel to which no response is required. To the extent a response is deemed required, the allegations are denied.

Filed for record on this 15th Day of March 2019 at 2:45 o'clock PM
PAM BARNES
Pam Barnes
County or Circuit Clerk        Deputy Clerk

1

EXHIBIT B

2.      In response to the allegations contained in Paragraph 2, Separate Defendant Acadia Healthcare Company, Inc. admits that it is a Delaware Corporation. Separate Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 3 of Plaintiffs' Complaint and, therefore, such allegations are denied. The remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint consist of legal arguments and conclusions of counsel to which no response is required. To the extent a response is deemed required, the allegations are denied.

4.      With respect to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendants object to venue in Dallas County; Defendants state that Habilitation Center, LLC provides mental health services; Defendants state that the document entitled "Patient Rights" speaks for itself. Defendants deny the last sentence of Paragraph 4 of Plaintiffs' Complaint and deny all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint not specifically admitted herein.

5.      The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

6.      The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.      The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied.

8.      The allegations contained in Paragraph 8 of Plaintiffs' Complaint consist of legal arguments and conclusions of counsel to which no response is required. To the extent a response is deemed required, the allegations are denied.

9.      The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11. With respect to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

12. The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13. The allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied.

16. The allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17. The allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied.

18. The allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied.

19. The allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint consist of legal arguments and conclusions of counsel to which no response is required. To the extent a response is deemed required, the medical records of other patients are protected by state and federal laws and privileges and such protections and privileges cannot be waived by Defendants.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint consist of legal arguments and conclusions of counsel to which no response is required. To the extent a response is deemed required, the medical records of other patients are protected by state and federal laws and privileges and such protections and privileges cannot be waived by Defendants.

22. The allegations contained in Paragraph 22 of Plaintiffs' Complaint fail to state facts against Defendants as required by Rule 8 of the Rules of Civil Procedure, and, therefore, no response is required by Defendants. To the extent Paragraph 8 is construed to state allegations against Defendants, the allegations are denied.

23. With respect to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied.

25. The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied.

26. The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28. The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied.

29. The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied.

30. With respect to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

31. The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32. The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied.

33. The allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.

34. Defendants deny all allegations and averments contained in the WHEREFORE or Prayer for Relief clause of Plaintiffs' Complaint and deny that Plaintiffs are entitled to any relief.

35. Defendants deny that Plaintiffs are entitled to any damages.

36. Defendants deny all allegations contained in the Plaintiffs' Complaint not specifically admitted herein.

37. Pleading further, and in the affirmative, Defendants assert the defenses of intervening cause, qualified immunity, privity, satisfaction, waiver, estoppel and negligence or

intentional acts of third parties over whom Defendants exercised no dominion or control as complete and/or partial bars to any recovery by the Plaintiffs herein.

38. Defendants affirmatively assert that the claims against them fail to state a cause of action upon which relief can be granted and should be dismissed as a matter of law.

39. Defendants affirmatively assert that Plaintiffs have failed to allege facts against them and all claims should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

40. Defendants affirmatively state that all actions taken by them were taken in good faith, and they had reasonable grounds to believe any and all actions taken by them were not in violation of any law, statute, or constitutional right or provision.

41. Defendants affirmatively plead that Plaintiffs' Complaint fails to state facts sufficient to justify an award of punitive damages.

42. Defendants affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

43. Defendants affirmatively plead that Plaintiffs' claim for punitive damages against all or any of these Defendants is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the Defendants' due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

44. Defendants affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give the Defendants prior notice of the conduct for which

punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

45. Defendants affirmatively assert that Plaintiffs' claims for punitive damages against these Defendants cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

46. Defendants affirmatively plead that Plaintiffs' claims for punitive damages against these Defendants cannot be sustained, because an award of punitive damages under Arkansas law which allows Plaintiff to prejudicially emphasize the corporate status of any of these Defendants violates such Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

47. Defendants affirmatively assert that Plaintiffs' claim for punitive damages against these Defendants cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate the Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

48. Defendants affirmatively assert that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards. This would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

49. Plaintiffs' claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendants for punitive damages, would constitute impermissible multiple punishments in violation of Defendants' due process and equal protection rights

7

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, §§ 2, 3 and 8 of the Arkansas Constitution.

50. Defendants affirmatively assert the right to plead further, including reservation of all affirmative defenses allowed under law which are required to be pled in the initial pleading and all third party claims which may be appropriate.

WHEREFORE, premises considered, Separate Defendants, Habilitation Center, LLC and Acadia Healthcare Company, Inc., pray that Plaintiffs' Complaint be dismissed, for their costs and expenses herein laid out and expended, and for any and all other relief to which they may be entitled.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
1401 West Capitol Avenue
Little Rock, AR 72201
(501) 850-0015

By: *[signature]*

Kirkman T. Dougherty
Arkansas Bar No. 91133
kdougherty@hardinlaw.com
Kynda Almefty
Arkansas Bar No. 2004197
kalmefty@hardinlaw.com

8

## CERTIFICATE OF SERVICE

I, Kynda Almefty, attorney for Separate Defendant herein, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the Plaintiff by depositing a copy of the same in the United States Postal Mail Service, postage prepaid, addressed to:

M. Jered Medlock
Medlock & Gramlich, LLP
105 N. 14th Street
Fort Smith, AR  72902

on this 17TM day of March, 2019.

Kynda Almefty